Bernard S. Meyer, J.
Motion pursuant to rule 106 of the Rules of Civil Practice to dismiss the complaint denied. The complaint alleges in the first cause of action that in December, 1952, plaintiff made an agreement to purchase real property, that at the time his ‘ ‘ family ’ ’ included defendant, his brother-in-law, who resided with him, that defendant executed the contract and plaintiff paid the down payment, that the contract provided for a G-. I. mortgage, that plaintiff paid all expenses and title was taken in defendant’s name, that title was taken in defendant’s name solely to obtain the benefit of the G-. I. loan, that plaintiff was required to sign the purchase contract and he and his wife, as well as defendant, were required to sign the mortgage extension agreement as well as an affidavit that plaintiff would live with defendant in the premises and would sign all papers necessary to become cobondsman on the mortgage loan, that plaintiff paid all carrying charges and expenses and defendant none, nor any part of the consideration, that defendant delivered the deed to plaintiff and prior to closing defendant agreed plaintiff and his wife would be the owners. A demand for reconveyance is alleged and a declaration that plaintiff (his wife having died) is the owner is requested. The second cause of action asks that plaintiff be adjudged to have an equitable lien and the third seeks a money judgment because of defendant’s unjust enrichment.
Defendant relies on the violation of public policy involved in the use of the serviceman’s guarantee for the benefit of one not entitled to the benefits of the Servicemen’s Readjustment Act of 1944 (U. S. Code, tit. 38, § 1801 et seq.). (Dunn v. Dunn, 1 A D 2d 888; Towner v. Berg, 5 A D 2d 481.) The second and third causes of action appear to be sufficient under the rule of the Towner case. While that alone would justify denial of this motion, addressed as it is to the entire complaint, there is a further reason for denial which goes to all three causes of action. As above noted, plaintiff was required to sign the purchase contract to become bound with defendant on the mortgage, and to agree to live in the house with defendant. While the present statute (U. S. Code, tit. 38, § 1810) authorizes guarantee of a loan “ To purchase or construct a dwelling to be owned and *948 occupied by him [the veteran] as a home ”, the statute in effect in 1952 (U. S. Code, tit. 38, § 694a) referred to a loan “ the proceeds of which are to be used for purchasing residential property or constructing a dwelling to be occupied as his home ”. The regulations then and now in effect include a provision that 11 the prior approval of the Administrator is required in respect to any loan to be made to two or more borrowers who become jointly and severally liable, or jointly liable therefor, and who will acquire an undivided interest in the property to be purchased or who will otherwise share in the proceeds of the loan, or in respect to any loan to be made to an eligible veteran whose interest in the property owned, or to be acquired with the loan proceeds, is an undivided interest only” (Code of Fed. Beg., tit. 38, § 36.4307) and that provision applies to home loans (Code Fed. Beg., tit. 38, § 36.4300). It, therefore, cannot be said on the complaint alone that the contract between plaintiff and defendant was void and unenforcible as against public policy within the rule of the Dunn and Towner cases, for the complaint shows that the dwelling was to be occupied as defendant’s home and does not show that the Administrator had not approved the plaintiff’s sharing in the proceeds of the loan on which he had become jointly liable. Defendant may be able to show illegality and lack of approval by affidavits on a motion under rule 107; it is not shown on the face of the complaint.
Short-form order signed.